UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-82433-CIV-MARRA/JOHNSON

THOMAS RIETWYK,

    Plaintiff,

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, and MANUEL PEREZ,

    Defendants.
_____/

## OPINION AND ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Remand [DE 7]. In its Notice of Removal of Action [DE 1], State Farm Mutual Automobile Insurance Company ("State Farm") states that removal is appropriate, in part, because diversity of citizenship of the parties has been satisfied: Plaintiff Thomas Rietwyk ("Rietwyk") is domiciled in Palm Beach County, Florida and Defendant State Farm is a corporation organized and existing pursuant to the laws of the state of Illinois, with its principal place of business in Bloomington, Illinois.

Strangely absent in both its removal notice and in its response to the motion to remand, is any discussion regarding the state citizenship or domicile of the other defendant in this lawsuit, Manuel Perez ("Perez"). It is clearly stated in the Complaint that Perez is a resident of Palm Beach County, Florida. Compl. ¶ 5.

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by the Constitution or by the Congress of the United States.  See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994).  A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Where the parties are diverse and the amount in controversy is sufficient, a defendant has a statutory right to remove an action from state court and avail itself of the federal court system.  28 U.S.C. § 1441; *Burns,* 31 F.3d at 1095.  However, the burden of establishing federal jurisdiction under 28 U.S.C. § 1441 rests with the party seeking removal.  *Carson v. Dunham,* 121 U.S. 421, 425 (1887); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof"). The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  Thus, when the court's jurisdiction over

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

a case is doubtful, doubts are resolved in favor of remand.  See *Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir. 1997).  Plaintiff challenges both diversity jurisdiction and the amount of controversy.  Since the Court finds that complete diversity does not exist, it is unnecessary to address the question of the amount in controversy.

**DISCUSSION**

After careful review of the Complaint, the Court concludes that it lacks subject matter jurisdiction.  A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States."  28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires *complete diversity* between named plaintiffs and all defendants.  *Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

Here, Plaintiff fails to allege complete diversity between Plaintiff and Defendants.  As stated in Plaintiff's complaint, Plaintiff and one of the two Defendants (Perez) reside in Florida.  The fact that State Farm is a citizen of Illinois is irrelevant as *all* defendants must reside in a different state from the plaintiff to satisfy complete diversity.  *Strawbridge v. Curtiss,* 7 U.S. 267 (1806).  Thus, the complaint suffers from a lack of complete diversity and must be remanded.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand **[DE 7] is GRANTED.** State Farm has not met its burden of establishing federal jurisdiction under 28 U.S.C. §§ 1441, 1332(a)(1). This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida. All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of June, 2010.

                                                KENNETH A. MARRA
                                                United States District Judge

copies to:
all counsel of record